FILED
CLERK, U.S. DISTRICT COURT
02/05/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KSS___ DEPUTY

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ROSS M. CUFF
Assistant United States Attorney
Chief, Civil Fraud Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-6841
    Fax: (213) 894-7819
    Email: Frank.Kortum@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>    Plaintiff[s],<br><br>    v.<br><br>[UNDER SEAL],<br><br>    Defendant[s]. | No. CV 17-03263-PA (JCx)<br><br>REQUEST OF THE UNITED STATES TO PARTIALLY UNSEAL CASE; DECLARATION OF FRANK D. KORTUM<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[LODGED CONCURRENTLY UNDER SEAL: [PROPOSED] ORDER] |

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ROSS M. CUFF
Assistant United States Attorney
Chief, Civil Fraud Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-6841
    Fax: (213) 894-7819
    Email: Frank.Kortum@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFONIA *ex rel*. M. LAKHANI,<br><br>Plaintiffs,<br><br>v.<br><br>VINROD K. GUPTA, M.D., THE HEART CENTER OF SOUTHERN CALIFORNIA,<br><br>Defendants. | No. CV 17-03263-PA (JCx)<br><br>REQUEST OF THE UNITED STATES TO PARTIALLY UNSEAL CASE; DECLARATION OF FRANK D. KORTUM<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[LODGED CONCURRENTLY UNDER SEAL: [PROPOSED] ORDER] |

Although this Court dismissed this action following the United States' declination to intervene in the action, there has been an outstanding issue of whether the Court should: (1) unseal the Complaint filed by the *qui tam* plaintiff M. Lakhani ("Relator"); and (2) maintain under seal all other papers filed or lodged to date filed by the United States, except for the United States Notice of Election to Decline Intervention.

The sealing provisions of the federal False Claims Act are for the sole benefit of the United States. *See* 31 U.S.C. §§ 3730(b)(2) and (3). The Fourth Circuit recognized that the sealing provisions of the FCA: (1) permit the United States to determine whether it already was investigating the fraud allegations; (2) permit the United States to investigate the allegations to decide whether to intervene; (3) prevent an alleged fraudster from being tipped off about an investigation; and (4) protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene. *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 249–50 (4th Cir. 2011) (citing S. Rep. No. 99-345, at 24–25 (1986)).

Given that the United States already declined to intervene, the United States respectfully requests that:

1. Relator's Complaint (including any amended complaints), the United States' Notice of Election to Decline Intervention, this Request, and the accompanying [Proposed] Order be unsealed;

2. All other papers filed or lodged to date in this action remain permanently under seal because such papers were provided by law to the Court for the sole purpose of discussing the content and extent of the government's investigation so that the Court could evaluate whether the seal and the deadline for making an election to intervene should be extended; and

3. Any future papers filed or lodged in this action should not be filed under seal absent a separate court order.

1

1    Counsel for Relator did not respond to an e-mail message notifying him that the
2    United States intended to seek the relief set forth above. The e-mail message was sent to
3    him on January 28, 2025

                                    Respectfully submitted,

Dated: January 29, 2025             JOSEPH T. MCNALLY
                                    Acting United States Attorney
                                    DAVID M. HARRIS
                                    Assistant United States Attorney
                                    Chief, Civil Division
                                    ROSS M. CUFF
                                    Assistant United States Attorney
                                    Chief, Civil Fraud Section

                                    /s/ Frank Kortum
                                    _____
                                    FRANK D. KORTUM
                                    Assistant United States Attorney
                                    Attorneys for the United States of America

**DECLARATION RE: LACK OF NECESSITY FOR PROOF OF SERVICE**

I, Frank D. Kortum, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

(a) Service: When Required.

    (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

        (A) an order stating that service is required;

        (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

        (C) a discovery paper required to be served on a party, unless the court orders otherwise;

        (D) a written motion, except one that may be heard ex parte; and

        (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

    (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

    (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the document to which this Declaration is attached. The said document also is not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).) Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).) Therefore, I believe that Rule 5(a) does not require the document to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2025, at Los Angeles, California.

*Frank Kortum*

_____
FRANK D. KORTUM